IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COLONY REGENCY PARTNERS,
LTD.
doing business as Regency Park
Apartments,

        Plaintiff,

  v.

APRIL HARRIS
and all other occupants,

        Defendant.

CIVIL ACTION FILE NO.

1:14-CV-03118-TWT-JFK

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant April Harris' application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant[s'] notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I. Background Facts

Plaintiff Colony Regency Partners, Ltd., the owner of the real property commonly known as 3144 Desert Drive, Apt. 3, East Point, Georgia 30344, filed a dispossessory warrant in the Magistrate Court of Fulton County, Georgia, on or about September 10, 2014, against Defendant April Harris as a tenant holding over for failure to vacate the premises after failing to pay rent past due for the months of August and September 2014. [Doc. 1-1 at 4 (Proceeding Against Tenant Holding Over)]. Defendant filed a Petition for Removal from the Fulton County Magistrate Court to the United States District Court on September 29, 2014.

## II. Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter

jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant bases her petition for removal of Plaintiff's dispossessory petition on the court's federal question jurisdiction. [Doc. 1-1 at 1-2]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff Colony Regency Partners, Ltd., relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Fulton County. [Doc. 1-1 at 4, Proceeding Against Tenant Holding Over]. A dispossessory

3

action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added). Defendant alleges that removal is proper on the basis of federal question jurisdiction, and in the Petition for Removal, she claims that Plaintiff's dispossessory proceeding violated Defendant's rights under the United States Constitution and the Fair Housing Act. [Doc. 1-1 at 1-2]. However, no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Doc. 1-1, at 4]. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.[1] For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

---

[1] There is no evidence that Defendant could establish jurisdiction based on diversity. To do so, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

4

### III. Conclusion

Accordingly, because Defendant failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 30th day of September, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)